(26 Misc. Rep. 741.)

### JONES v. BRUENS.

(Supreme Court, Appellate Term. March 24, 1899.)

SALE OF MERCHANDISE—HUSBAND AS WIFE'S AGENT.

> Defendant, who had for many years been carrying on business in her own name, and dealing with plaintiff, her husband acting as her agent, will be held liable for goods sold by plaintiff, and used in the business, three years after she claims she transferred it to her husband, the capital invested being hers, the money received in the business being paid to her, and by her deposited in and drawn from the bank, she having attended personally to the business, and invested profits therefrom in land, taking title in herself and husband, and having at one time promised to pay the claim, and the only claim of notice of any change being that the word "agent" after the husband's name on the delivery wagons was dropped, and that letter heads and envelopes were printed in the name of the husband, and seen by a salesman of plaintiff.

Appeal from municipal court, borough of Manhattan, First district.

Action by Benjamin W. Jones against Ida C. Bruens. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William L. Snyder, for appellant.

Henry A. Powell, for respondent.

FREEDMAN, P. J. The testimony of the plaintiff as to the sales made and the amount due is undisputed. It is also undisputed that for many years prior to 1890 the defendant had been carrying on a business in her own name, and dealing with the plaintiff, her husband acting as her agent. She claims, and attempted to prove on the trial of this action, that about 1890 she transferred the business to her husband, and that subsequently she had no interest therein. The facts and circumstances testified to by her fail to show any such

transfer. It appears from her own testimony that the capital invested was her own; that the money received in the business was paid to her, and by her deposited in and drawn from the bank; that she attended personally to the business; that she invested profits arising therefrom in land, taking a conveyance in the name of herself and husband; and that at one time she promised to pay the amount of this claim. There was no direct conflict of testimony in the case. The clear weight of evidence supports the plaintiff in his contention. He had no actual notice of any transfer of interest in the business from defendant to her husband, if any there was, and such constructive notice as was shown is too slight upon which to predicate a judgment for the defendant in view of all the other facts and circumstances shown on the trial. The judgment should be reversed.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event. All concur.

MacLEAN, J. (concurring). This action was brought to recover from the defendant for the balance of goods sold and delivered during the month of March, 1893. George H., the husband of Ida C., Bruens, began dealings with the plaintiff many years ago. Some time after,— it would appear about 1876,—one or more judgments were recovered against him, and he made an assignment for the benefit of creditors. Then he told a salesman of the plaintiff that he was in financial difficulties; that he could not do business in his own name; that hereafter he would do business in the name of his wife, and he would pay for everything; at the same time delivering the card of "I. C. Bruens, Dealer in" various articles, at the former address of George H. Thereafter all payments were made first in bills, and later in checks of I. C. Bruens. Charges for merchandise were entered in account by the plaintiff against George H., and when a pass book was issued it was issued to him also. Mr. Bruens died in 1894. No question was made as to the delivery of the goods, or the amount of the indebtedness, but the defendant claimed that it was the indebtedness of her late husband, and not of herself. She testified that, after her husband made an assignment for the benefit of creditors, her father made her a present of $450 for them to start in business, and that she let Mr. Bruens run the business for her. She also testified that about 1890 there was a change in the business, in which, after that, she had no interest whatever. The change, so far as testified to, was that the affix of "agent" to the name of George H. Bruens on the wagons was dropped, and that the letter heads, bill heads, and envelopes were printed in the name of the husband. Such letter heads and envelopes were seen by a salesman of the plaintiff. As to her interest in the business, both before and after the alleged change, Ida C. testified that she worked along in the business, attending to it when George H. was away; that when he came home from the route at night he turned over to her the money received for goods sold and from collections; that she put it into the bank in her own name, upon which account she alone drew checks; and that out of the moneys derived from this business land in Queens county was purchased in the name of herself and her husband in 1893,—20 years

after the recovery of the judgment against her husband,—as she recollected the date. It also appeared, uncontradictedly, that to a demand made upon her by a representative of the plaintiff for payment of the bill upon which this action was brought, Mrs. Bruens replied that collections were poor, that the plaintiff need not worry about that account, and that it would be paid eventually. When George H. failed, and Ida C. began doing business with her own money for capital, and her own husband for manager, the plaintiff, being apprised of the facts, perforce treated George H. only as agent, for if he thereafter gave him credit, and were at the trouble of obtaining a judgment, he was to expect that the execution would be returned nulla bona, and that an application for a third party order would be denied. It signified little to the Bruenses that goods delivered to the agent were entered against the agent's name on the books. When Ida C. had herself held out as principal in the ownership of the business, and her husband as agent in the conduct of it, she warranted the presumption that these relations continued as facts until notice of a change, if change there were, was given to the plaintiff, either directly or actually by circumstances manifesting such change. That presumption, strong enough at the outset, becoming stronger with the lapse of time, became so indurated after 14 years that to invalidate it required something so overt as to forefend mistake. The intimacy of the relation between the principal and the agent—a feme covert and her own husband—made it incumbent upon Ida C., if she would escape responsibility for the acts of the former agent, to see to it that no one was misled by appearances. Contrariwise, she worked along in the business, attended the store, and on her husband's return at nightfall from the route took the money, the proceeds of the business, into her own possession, out of the way of the sheriff, and put it into her own bank account, out of the reach of a third party order. She derived advantages from the business, and took all of its proceeds into her control. She enjoyed the benefits. She should bear the burdens, for under the economic independence of woman as legalized in this state burdens as well as benefits befall the feminine trader. The judgment should be reversed, and a new trial ordered, with costs to the appellant.

Judgment reversed, and a new trial ordered, with costs to the appellant.